UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re | Case No. 8:13-bk-00922-KRM |
| CASEY MARIE ANTHONY, | Chapter 7 |
| Debtor. _____ / | |
| In re | |
| ZENAIDA GONZALEZ, | Adversary No. _____ |
| Plaintiff. | |
| v. | |
| CASEY MARIE ANTHONY, | |
| Defendant. _____ / | |

## COMPLAINT

**ZENAIDA GONZALEZ** ("Plaintiff"), by and through her undersigned attorneys, and pursuant to 11 U.S.C. § 523(a)(6) and Federal Rule of Bankruptcy Procedure 7003, hereby files this complaint and sues **CASEY MARIE ANTHONY** (the "Debtor" or "Defendant"), seeking to except from discharge money damages the Debtor owes Plaintiff, and in support thereof states as follows:

### JURISDICTION, PARTIES AND VENUE

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b), and 1334(e), and the Order of the United States District Court for the Middle

District of Florida referring all cases and proceedings under the Bankruptcy Code in this District to the Bankruptcy Court.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought are § 523(a)(6) of the Bankruptcy Code and Rule 7003 of the Federal Rules of Bankruptcy Procedure.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Plaintiff is a Florida resident residing in Kissimmee, Florida.

6. Defendant is a Florida resident who previously resided in Orange County, Florida.

## GENERAL ALLEGATIONS

7. This action arises out of statements made by Defendant concerning the person who allegedly kidnapped her daughter, Caylee Anthony ("Caylee").

8. During the police investigation into Caylee's disappearance, Defendant told law enforcement that the last time she saw her daughter was when she left Caylee with a nanny named Zenaida Gonzalez.

9. Because of this statement, law enforcement officers interviewed Plaintiff at a hotel in Kissimmee, Florida.

10. Subsequent to the interview, law enforcement officers showed Defendant pictures of Plaintiff and Defendant stated to the officers that Plaintiff was not the person who had taken her child.

11. Defendant was subsequently incarcerated as a suspect in connection with Caylee's disappearance.

12. On July 25, 2008, while in the Orange County Jail, Defendant made statements to her parents, George and Cindy Anthony, about Zenaida Gonzalez, which Defendant knew were being recorded and would be published by the media and by her parents.

13. Despite the fact that she was previously shown photographs of Plaintiff by law enforcement and cleared Plaintiff of any involvement, on July 25, 2008, Defendant falsely stated to her parents that: "When they went and interviewed that girl down in Kissimmee, they never showed me a picture of her…" (the "Statement").

14. Plaintiff was the only Zenaida Gonzalez interviewed by law enforcement officers in Kissimmee in connection with the investigation into Caylee's disappearance.

15. Defendant authorized her mother, Cindy Anthony, to speak on her behalf concerning statements about Zenaida Gonzalez in an alleged effort to locate Caylee.

16. Cindy Anthony thereafter re-published the false Statement concerning the lack of clearance of Plaintiff as a suspect.

17. The false story that Plaintiff had not been cleared in the investigation into Caylee's disappearance was published in newspapers, broadcast on television, and relayed online by countless websites.

18. The false story portrayed the Plaintiff wrongfully as a child kidnapper and potentially a child killer.

19. The statement was made by Defendant intentionally and with intent to willfully and maliciously injure Plaintiff.

20. As a direct result of Defendant's false Statement, the media and general public continued to suspect Plaintiff in connection with Caylee's disappearance.

## THE STATE COURT ACTION

21. On or about September 28, 2008, Plaintiff filed a Complaint against Defendant alleging, among other things, damages for defamation arising from the Statement and other statements, case number 48-2008-CA-24573-O, still pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "State Court Action").

22. On April 12, 2012, the State Court issued its Order on Plaintiff's Motion for Partial Summary Judgment and Defendants Motion for Summary Judgment, which denied Plaintiff's Motion for Partial Summary Judgment, and granted in part and denied in part Defendant's Motion for Summary Judgment. The Summary Judgment Order held that the Statement is subject to different interpretations and therefore must be submitted to a jury for determination.

23. On April 19, 2013, Plaintiff filed her Motion for Relief from Stay (Doc. No. 69) requesting this Court allow the parties to continue litigating the State Court Action in the State Court.

24. On July 1, 2013, this Court issued its Memorandum Opinion (Doc. No. 113) and Order Denying Plaintiff's Motion for Relief from the Automatic Stay (Doc. No. 116), and setting July 22, 2013, as the deadline for Plaintiff to file any dischargeability action under § 523 or 727 of the Bankruptcy Code.

## COUNT 1
### (Objection to Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(6))

25. Plaintiff reasserts the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

26. The Defendant's Statement was both willful and malicious.

27. The Defendant knew her Statement was false at the time it was made.

28. By making the Statement and authorizing her mother to speak on her behalf to the media, Defendant intended to subject Plaintiff to heightened police and media scrutiny in connection with Caylee's disappearance to reduce the authorities' suspicion that Defendant was involved in her daughter's disappearance.

29. As a direct and proximate result of Defendant's false statements about her, the Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to her reputation, loss of her job, and other non-pecuniary losses for which compensatory damages should be awarded.

30. Defendant intended that her Statement would cause Plaintiff to suffer humiliation, embarrassment, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to her reputation, and Defendant's Statement was substantially certain to cause Plaintiff's injuries.

31. Defendant's false Statement about the Plaintiff constitute defamation *per se* because it imputed to Plaintiff characteristics and conditions incompatible with her reputation and indicated she was a child kidnapper and potentially a child killer.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment pursuant to 11 U.S.C. § 523(a)(6) denying the Debtor-Defendant a discharge as to her liability to the Plaintiff arising from her defamatory Statement in an amount to be determined in the State Court Action, plus reasonable attorney's fees and costs, and granting such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 22nd day of July 2013.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 984469
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
*Attorneys for Plaintiff*