UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re | Case No. 8:13-bk-00922-KRM |
| **CASEY MARIE ANTHONY,** | Chapter 7 |
| Debtor. | |
| _____/ | |
| In re | |
| **ZENAIDA GONZALEZ,** | Adversary No. 8:13-ap-00626-KRM |
| Plaintiff. | |
| v. | |
| **CASEY MARIE ANTHONY,** | |
| Defendant. | |
| _____/ | |

## MOTION TO DETERMINE NON-CORE ELEMENTS OF COMPLAINT

**ZENAIDA GONZALEZ** ("Plaintiff"), by and through her undersigned attorneys, and pursuant to 28 U.S.C. § 157, hereby files her Motion to Determine Non-Core Elements of Complaint (the "Motion"), and requests the Court determine that all aspects of this adversary proceeding related to liquidation of any debt owed to Plaintiff by Casey Marie Anthony (the "Debtor") are non-core under 28 U.S.C. § 157. In support of her Motion, Plaintiff states as follows:

## Background

1. In 2008, Plaintiff filed her Complaint against the Debtor alleging, among other things, damages for defamation, case number 48-2008-CA-24573-O (the "Defamation Claim"), in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "State Court").

2. On April 12, 2012, the State Court issued its Order on Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment (the "Summary Judgment Order"), which (i) denied Plaintiff's Motion for Partial Summary Judgment, and (ii) granted in part and denied in part Defendant's Motion for Summary Judgment. The Summary Judgment Order held that one of the allegedly defamatory statements in Plaintiff's complaint must be submitted to a jury for determination because it is open to two separate interpretations.

3. The State Court set the Defamation Claim for trial in January 2013, but subsequently continued the trial until the Debtor's criminal appeal was complete.

4. On January 25, 2013 (the "Petition Date"), shortly after the appellate court ruling on the Debtor's criminal appeal, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Mr. Stephen Meininger was appointed as Chapter 7 trustee in the Debtor's case.

5. The Debtor listed as a disputed claim on her Schedule F (Doc. No. 1) Plaintiff's Defamation Claim.

6. On July 22, 2013, Plaintiff filed her Complaint initiating this Adversary Proceeding. The Complaint raises one count under 11 U.S.C. § 523(a)(6) based on the

allegations raised in the Defamation Action that the State Court determined in its Summary Judgment Order must be determined by a jury.

### Requested Relief

7. Plaintiff requests the Court determine that the liquidation of Plaintiff's defamation claim be determined a non-core proceeding under 28 U.S.C. § 157, and that such aspects of the case be reserved for the State Court or district court. Section 157(b)(2) sets forth a list of proceedings deemed to be core proceedings over which the bankruptcy court has jurisdiction. Personal injury torts are not included on this list, and instead are specifically excluded from bankruptcy court jurisdiction under 28 U.S.C. § 157(b)(5). Defamation is a "personal injury tort" for purposes of § 157(b)(5). *Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 286 (M.D. Fla. 2002) (Conway, J.). Section 157(b)(5) states: "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." Thus, the bankruptcy court may not hear the liquidation aspects of the Complaint because they are grounded in the Defamation Claim.

8. Because Plaintiff does not consent to this Court resolving the Defamation Claim, only the State Court or the district court may resolve the liquidation aspects of the Defamation Claim. Plaintiff consents only to the bankruptcy court determining the core aspects of its § 523(a)(6) complaint.

**WHEREFORE** Plaintiff, Zenaida Gonzalez, respectfully requests this court enter an Order (i) determining that the liquidation aspects of the Complaint are non-core under 28 U.S.C. § 157(b)(2); (ii) reserving for determination by the State Court or federal district court such

liquidation aspects of Plaintiff's defamation claim raised in the Complaint; and (iii) providing such further relief as this Court deems fair and equitable.

**RESPECTFULLY SUBMITTED** this 20th day of August 2013.

/s/ R. Scott Shuker_____
R. Scott Shuker, Esq.
Florida Bar No. 984469
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **In re** | **Case No. 8:13-bk-00922-KRM** |
| **CASEY MARIE ANTHONY,** | **Chapter 7** |
| **Debtor.** _____/ | |
| **In re** | |
| **ZENAIDA GONZALEZ,** | **Adversary No. 8:13-ap-00626-KRM** |
| **Plaintiff.** | |
| **v.** | |
| **CASEY MARIE ANTHONY,** | |
| **Defendant.** _____/ | |

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true copy of **PLAINTIFF'S MOTION TO DETERMINE NON-CORE ELEMENTS OF COMPLAINT** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to:  Casey Marie Anthony, c/o Charles M Greene, Esq., 55 E Pine Street, Orlando, FL 32801; David L. Schrader, Esq., 111 Second Avenue NE, Suite 911, St. Petersburg, FL 33701; Stephen L Meininger, Chapter 7 Trustee, 707 North Franklin Street, Suite 850, Tampa, FL 33602; and United States Trustee, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602; this 20th day of August 2013.

                                        /s/ R. Scott Shuker
                                        R. Scott Shuker, Esq.