UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                      Case No. 8:13-bk-00922-KRM

CASEY MARIE ANTHONY,                                   Chapter 7

Debtor.
_____/

In re:

Zenaida Gonzalez,                                                 Adv. Pro. No.: 8:13-ap-00626-KRM

      Plaintiff,

v.

Casey Marie Anthony,

      Defendant.
_____/

### ZENAIDA GONZALEZ'S RESPONSE TO DEBTOR/DEFENDANT'S CORRECTED MOTION TO DISMISS

**ZENAIDA GONZALEZ** ("Plaintiff"), by and through her undersigned counsel, and pursuant to the Court's deadline to respond announced in Court on September 17, 2013, (Adv. Doc. No. 16), hereby files this Response to Debtor/Defendant's Corrected Motion to Dismiss, (the "Motion to Dismiss"), (Adv. Doc. No. 20), and respectfully submits as follows:

#### I. Introduction and Summary of Argument

This adversary proceeding arises from a statement uttered by Casey Marie Anthony, (the "Defendant"), resulting in significant and substantial injury to the Plaintiff. The Defendant's conclusory and misleading Motion to Dismiss makes a considerable effort to inappropriately portray the Plaintiff as one of many publicity seekers too uncouth to know her "fifteen minutes" has lapsed.

(P. 2). It is a distraction meant to deflect attention to a very real issue: an injured Plaintiff with an actionable nondischargeability claim.

The Defendant published, or caused to be published, a specific statement against the Plaintiff, which the Court as fact-finder could reasonably conclude with substantial certainty under applicable Florida defamation law was published willfully and maliciously. The statement, and the context of its utterance, creates significant questions of fact as to whether the Defendant acted deliberately and intentionally to cause substantially foreseeable injury.

The Defendant's distractions fail to remove the factual questions of whether the statement, understood within the totality of the circumstances within the time line of events, constitutes defamation under Florida law warranting an exception to discharge under the U.S. Bankruptcy Code, (the "Code"), pursuant to 11 U.S.C. § 523(a)(6). Therefore the Defendant's Motion to Dismiss must be denied.

## II. Procedural and Factual Background

1. On or about September 28, 2008, Plaintiff filed a Complaint against the Defendant alleging, among other things, damages for defamation, case number 48-2008-CA-24573-O (the "Defamation Action"), in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "State Court").

2. On April 12, 2012, the State Court issued its Order on Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment (the "Summary Judgment Order"), attached to the Plaintiff's Motion for Relief from Stay in the above captioned main bankruptcy case, (Doc. No. 69), and incorporated herein by reference, which (i) denied Plaintiff's Motion for Partial Summary Judgment, and (ii) granted in part and denied in part Defendant's

Motion for Summary Judgment. The Summary Judgment Order held that one of the allegedly defamatory statements in Plaintiff's complaint must be submitted to a jury for determination since it is open to two separate interpretations.

3. The State Court set the Defamation Claim for trial in January 2013, but subsequently continued the trial until the Defendant's criminal appeal was complete.

4. On or about January 25, 2013, (the "Petition Date"), the Defendant, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Mr. Stephen Meininger was appointed the Chapter 7 trustee in the Defendant's case. (Doc. No. 1).

5. On July 22, 2013, Plaintiff filed her Complaint against the Defendant pursuant to 11 U.S.C. § 523(a)(6) initiating the above captioned Adversary Proceeding, (the "Adversary Complaint"). (Adv. Doc. No. 1). The Adversary Complaint alleges the Defendant made a false statement on a recorded line accessible to the police and the media while she was incarcerated stating "When they went and interviewed that girl down in Kissimmee, they never showed me a picture of her..." (the "Statement").(¶ 13). The Adversary Complaint further states the Plaintiff was the only "Zenaida Gonzalez" interviewed in Kissimmee, Florida. (¶ 14). The Statement subsequently acted as the catalyst for multiple news stories asserting the Plaintiff had not been cleared in the criminal investigation of the Defendant's missing daughter. (¶ 17).

6. On August 25, 2013, the Defendant filed the Motion to Extend Time to Answer Plaintiff's Complaint. (Adv. Doc. No. 11). The Order granting the extension was issued September 3, 2013, providing the Defendant an additional 30 days to file an Answer, or until October 3, 2013, (the "Extension Period"). (Adv. Doc. No. 12).

7. On October 3, 2013, the Defendant filed a Motion to Dismiss Complaint filed on behalf of Zenaida Gonzalez, (the "Motion to Dismiss"). (Adv. Doc. No. 17). The Defendant subsequently filed a Corrective Motion to the Motion to Dismiss. (Adv. Doc. No. 20).

### III. Argument and Authorities

A    <u>Standard on Motion to Dismiss</u>

Pursuant to the *Federal Rules of Civil Procedure* simplified standard for pleading, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Accordingly, a plaintiff need only plead a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Conley v. Gibson, 355 U.S. 41, 47 (1957).

The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). The complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994).

In determining whether to grant a motion to dismiss, the court must accept all of the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Hoffend v. Villa, 261 F.3d 1148, 1150 (11th Cir. 2001); Potter v. AIG Annuity Ins. Co., 2007 WL *1, 295517 (M.D. Fla. 2007); Bernardele v. Bonorino, 608 F.Supp.2d 1313, 1317 (S.D. Fla. 2009).

Moreover, "a complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997). As further stated by the Eleventh Circuit, "[w]e hasten to add that this motion [to dismiss] is viewed with disfavor and rarely granted." Id. Based upon this standard, the Motion to Dismiss must be denied.

B.  The Motion to Dismiss Should be Denied Under the Principle of Issue Preclusion

The Debtor's Motion to Dismiss must be denied since the Defendant is precluded from re-litigating an issue already decided in State Court under the principle of issue preclusion. The State Court in its Summary Judgment Order ruled the alleged defamatory statement, the Statement, was subject to different interpretations, and therefore must be submitted to a jury. Issue preclusion prevents the Defendant from attempting to re-litigate this issue. See Mortg. Elec. Registration Sys., Inc. v Badra, 991 So.2d 1037, 1039 (Fla. 4th DCA 2008); and Rohan v. Trakker Maps, Inc., 633 So.2d 1176, 1177 (Fla. 3d DCA 1994)(declaring "the application of collateral estoppel prevents the parties in a second suit from litigating those points in question which were actually adjudicated in the first suit."

Under Florida law, the elements of issue preclusion include "the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1332 (11th Cir. 2010) quoting Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So.2d 1216, 1236 (Fla. 2006). Issue preclusion also requires that the disputed issue "must have been a critical and necessary part of the prior determination; [and] there must have been a full and

fair opportunity to litigate that issue...." Holt v. Brown's Repair Serv., Inc., 780 So.2d 180, 182 (Fla. 2d DCA 2001).

The Plaintiff and Defendant in the Adversary Proceeding are the same parties in the State Court Defamation Action. The State Court held personal and subject matter jurisdiction over the parties. Each party had the opportunity to fully advance their arguments. The State Court fully examined the factual and legal issues in the Defamation Claim before issuing the Summary Judgment Order. Whether the Statement could be defamatory was clearly a critical component of the Defamation Claim and the Summary Judgment Order.

To prevail on the Motion to Dismiss, the Court must find the Statement, as a matter of law, cannot be defamatory. The ruling to deny summary judgment as to the Statement makes clear that issue preclusion prohibits such a ruling here. Moreover, the Rooker-Feldman doctrine prohibits bankruptcy courts from reviewing the State Court ruling, even if it believes said ruling is erroneous. In re Kelly, 262 B.R. 307, 311 (Bankr. E.D. Pa. 2001); see also Walker v. Horn, 385 F.3d 321, 329 (3d Cir. 2004)(declaring the doctrine is applicable to both the State's highest court and the lower court rulings.)

While there may be factual issues regarding the Statement's interpretation, such are not ripe for consideration in the context of a motion to dismiss. Consequently, the Defendant is precluded from arguing the Statement cannot be defamatory, and her Motion to Dismiss should be denied.

C.     The Plaintiff has Adequately Plead a Nondischargeability Action.

The Supreme Court addressed exceptions to discharge under 11 U.S.C. § 523(a)(6) in Kawaauhau v. Geiger, 523 U.S. 57 (1998). In evaluating whether a medical doctor willfully and maliciously injured a patient through his choice to use a cheaper antibiotic treatment, the Geiger

Court ruled willful injury requires a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Id. at 61. In the Eleventh Circuit, "[a] debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or **which is substantially certain to cause injury**." In re Jennings, 670 F.3d 1329, 1334 (11th Cir. 2012) (emphasis added), quoting In re Walker, 48 F.3d 1161, 1163 (11th Cir. 1995).

"Malice" can be either specific or implied, and is evidenced by the "acts and conduct of the debtor in the context of their surrounding circumstances." In re Fowler, 312 B.R. 287, 290 (Bankr. E.D.N.C. 2004), citing St. Paul Fire & Marine Ins. Co. V. Vaughn, 779 F.2d 1003, 1010 (4th Cir. 1985). Malicious means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." In re Jennings, 670 F.3d at 1334. Establishing malice does not require "a showing of specific intent to harm another...." Id., quoting In re Ikner, 883 F.2d 986, 991 (11th Cir. 1989). A fact-finder can therefore find implied malice when evaluating a statement, which may seem innocuous on its face, but malicious within the entire context of its publication.

Moreover, an injury can be willful and malicious where "there is either an objective substantial certainty of harm or a subjective motive to cause harm." In re Shcolnik, 670 F.3d 624, 629 (5th Cir. 2012), citing In re Miller, 156 F.3d 598, 606 (5th Cir. 1998), and In re Williams, 337 F.3d 504, 508-509 (5th Cir. 2003). A debtor "must will or desire harm, or believe injury is **substantially certain to occur as a result of his behavior**." In re Kerr, 365 B.R. 807 (Bankr. S.D. OH 2007) (emphasis added), quoting Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 465 n. 10 (6th Cir. 1999).

The nondischargeability case law is clear. The evidence need not show the Defendant harbored ill-will or animosity toward the Plaintiff when making the Statement. Instead the evidence

must indicate the Statement was wrongfully made without just cause. In addition, the evidence need not indicate the Defendant intended with absolute precision the damaging effects of the Statement on the Plaintiff. The Plaintiff will need to evidence the Defendant made a wrongful statement, which an objective and reasonable person would believe had the substantial certainty to cause injury. Assessing whether the Statement constitutes willful and malicious defamation within the totality of the circumstances in which it was made is clearly a factual issue that cannot be summarily dismissed.

D.    The Plaintiff has Adequately Pled an Actionable Defamation Claim.

The Defendant repeatedly argues the Adversary Complaint should be dismissed for lack of particularity and/or specificity in its pleading defamation. (pp. 2, 4, 5, 7, 10, and 12). The Defendant misstates Florida law. The Court in Scott v. Busch, 907 So.2d 662, 667 (Fla. 5th DCA 2005) declares, "when the defamation is by an oral statement, as opposed to a written one, **particularity has never been required**. A pleader need only state the essence of what the alleged defamer said." (Emphasis added). The Adversary Complaint provides the necessary details for the Defendant and the Court to understand the essence of the allegation. The Defamation Claim has been litigated in State Court, and is now before this Court. It is disingenuous to suggest the Defendant does not understand the essence of the claim, the Statement, and its significance under the totality of the circumstances.

Under Florida law, a fact-finder assessing a defamation claim considers five elements, which include the following: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008).

The Defamation Claim creates numerous factual questions for the fact-finder to consider when carefully weighing the five elements of a defamation claim. Additional factual issues arise when it is necessary to determine the Plaintiff's injury in her community. For example, to satisfy the first element, publication requires assessment of when "it is published or communicated to a third person" other than the plaintiff. American Airlines, Inc. v. Geddes, 960 So.2d 830, 833 (Fla. 3d DCA 2007). It requires a showing that the statement is available to the public to be read or heard, but not necessarily that anyone has actually read or heard it. See, e.g., Axiom Worldwide, Inc. v. Becerra, 2009 WL 1347398 (M.D. Fla. 2009) (proof that statement was on defendant's website was sufficient without having to prove anyone actually viewed it); see also Rives v. Atlanta Newspapers, Inc., 220 Ga. 485 (1964) (in applying single publication rule to newspaper, noting that "whether or not it is read is immaterial once it is shown that it was exposed to public view").

A fact-finder assessing falsity requires determining whether the defamation is about the Plaintiff. Once shown the statements are "of and concerning" the plaintiff, their falsity must then be established. See generally Milkovich v. Lorain Journal Co., 497 U.S. 1, 23 (1990) (Brennan, J., dissenting) ("I agree with the Court that ... only statements that are capable of being proved false are subject to liability under state libel law.")

Also, the fact-finder must assess whether there is a sufficient showing of prejudice and injury to the Plaintiff if the Statement is proven to make the Plaintiff an object of "hatred, distrust, ridicule, contempt or disgrace" in the eyes of a "substantial and respectable minority of the community" so as to suffer injury in her "personal, social, official, or business relations." Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098 (Fla. 2008). (Internal citations omitted).

Finally, a fact-finder assessing whether a statement can be inferred to refer to the plaintiff alleging injury stands as a reasonable person hearing and understanding the statement based on the circumstances. Scott, supra, at 666-67. See also McCormick v. Miami Herald Pub. Co., 139 So. 2d 197 (Fla. 2nd DCA 1962). The Statement's context, or the totality of the circumstances in which it was made, include various statements and actions not identified in the Adversary Complaint as defamatory on their face, but are identified in the State Court Defamation Action proceedings. The additional information creates an important patchwork of historical events framing the context of the Statement. These background facts are relevant, not to prove defamation, but to provide the necessary context in which a reasonable person stands in observation. Therefore said information should be considered part of the entire context when assessing the Statement.

## IV. Conclusion

The Defendant has failed to meet her burden and the Motion to Dismiss must be denied. To be clear, the Plaintiff is not required to prove her case at the starting line. She is required to plead the minimum allegations required to give the Defendant notice of the claim against her. The Plaintiff has more than satisfied this requirement. The Defendant's conclusory allegations, which circumvent the material factual questions while misapplying judicial precedent, must be ignored when evaluating a motion to dismiss. The Plaintiff has provided more than sufficient notice to the Defendant regarding the scope of the action against her.

The Defendant attempts to use distractions and obfuscation in confusing the requirements of a motion to dismiss. She makes generalized allegations and interpretations of the Plaintiff's claim. However, her interpretation and assessment is irrelevant for purposes of a motion to dismiss. If the

Plaintiff's' allegations are taken as true, she is entitled to relief under the Code in her dischargeability action. By definition, and effect, the Defendant's Motion to Dismiss must be denied.

**WHEREFORE**, Zenaida Gonzalez respectfully requests this Court deny the Defendant's Motion to Dismiss, and grant such other and further relief as the Court deems reasonable and necessary under the circumstances..

**RESPECTFULLY SUBMITTED** this 25th day of October 2013.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 984469
Mariane L. Dorris, Esq.
Florida Bar No. 0173665
John B. Dorris, Esq.
Florida Bar No. 0093744
Latham, Shuker, Eden & Beaudine LLP
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
*Attorneys for Plaintiff*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 8:13-bk-00922-KRM |
| CASEY MARIE ANTHONY, | Chapter 7 |
| Debtor. | |
| _____/ | |
| In re: | |
| Zenaida Gonzalez, | Adv. Pro. No.: 8:13-ap-00626-KRM |
| Plaintiff, | |
| v. | |
| Casey Marie Anthony, | |
| Defendant. | |
| _____/ | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of **ZENAIDA GONZALEZ'S RESPONSE TO DEBTOR/DEFENDANT'S CORRECTED MOTION TO DISMISS** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Casey Marie Anthony, c/o Charles M Greene, Esq., 55 E Pine Street, Orlando, FL 32801; Debra Ferwerda, Esq., 351 E. SR 434, Winter Springs, FL 32708; David L. Schrader, Esq., 111 Second Avenue NE, Suite 911, St. Petersburg, FL 33701; Stephen L Meininger, Chapter 7 Trustee, 707 North Franklin Street, Suite 850, Tampa, FL 33602; and United States Trustee, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602 on this 25th day of October 2013.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.