## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
### www.flmb.uscourts.gov

In re:                                          Case No. 8:13-bk-00922-KRM

**CASEY MARIE ANTHONY,**                         Chapter 7

Debtor.

_____/

In re:

**Zenaida Gonzalez,**                            Adv. Pro. No.: 8:13-ap-00626-KRM

      Plaintiff,

v.

**Casey Marie Anthony,**

      Defendant.

_____/

### ZENAIDA GONZALEZ'S MOTION TO COMPEL DEFENDANT'S/DEBTOR'S RESPONSES TO DEPOSITION QUESTIONS  WITH INCORPORATED MEMORANDUM OF LAW

**ZENAIDA GONZALEZ** ("Plaintiff"), by and through her undersigned counsel, hereby files

this Motion to Compel Responses to Deposition Questions with Incorporated Memorandum of Law,

(the "Motion to Compel"), pursuant to Rule 26(a), 30 and 37(a) of the *Federal Rules of Civil*

*Procedure*, made applicable to the Bankruptcy Court through Rules 7026, 7030 and 7037 of the

*Federal Rules of Bankruptcy Procedure*, (collectively, the "Rules"), and respectfully submits as

follows:

### I. Introduction

      1.    On January 23, 2014, plaintiff's counsel attempted to depose Casey Marie Anthony,

(the "Defendant"), at the law office of J. Cheney Mason. During the deposition, two significant

issues arose.  First, the Defendant summarily refused to answer approximately twenty questions

without substantive explanation. When pressed for the grounds of her refusal, Defendant stated in

various forms that she simply would not answer the questions (the "Unexplained Refusal"). Second, J. Cheney Mason, Esq., additional counsel for Defendant, ("Special Counsel"), improperly instructed the Defendant not to answer specific questions posed to her on grounds of relevancy and/or the Fifth Amendment right against self-incrimination (the "Counsel Instructed Refusal").   As will be discussed in Section III below, neither the Unexplained Refusal or Counsel Instructed Refusal were appropriate. The Defendant's and Special Counsel's above described behavior prevented Plaintiff from expeditiously and fully deposing the Defendant on the salient and material issues in this adversary proceeding. The deposition was suspended until resolution of this Motion to Compel.

## II. Procedural and Factual Background

2.       On 25, 2013, (the "Petition Date"), the Defendant, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Mr. Stephen Meininger was appointed the Chapter 7 trustee in the Defendant's case. (Doc. No. 1).

3.       On July 22, 2013, Plaintiff filed her Complaint against the Defendant pursuant to 11 U.S.C. § 523(a)(6) initiating the above captioned Adversary Proceeding, (the "Adversary Complaint"). (Adv. Doc. No. 1).

4.       On October 3, 2013, the Defendant filed a Motion to Dismiss Complaint filed on behalf of Zenaida Gonzalez, (the "Motion to Dismiss"). (Adv. Doc. No. 17). The Defendant subsequently filed a Corrective Motion to the Motion to Dismiss. (Adv. Doc. No. 20).

5.       On October 4, 2013, the Defendant filed a Motion for Protective Order, (the "MPO"), requesting the Court prevent the deposition of the Defendant until a ruling on the merits of the Adversary Complaint, prevent any deposition since a deposition already occurred in another proceeding, or in the alternative, require safety precautions to prevent undue attention to the deposition. (Adv. Doc. No. 18).

6.       On October 15, 2013, the Plaintiff filed her Response to Defendant's/Debtor's Motion for Protective Order, ("MPO Response"), arguing the stay of discovery sought through the

MPO was unfounded and inappropriate. (Adv. Doc. No. 22). Moreover the MPO Response sought sanctions under Rule 7026(c)(3) and 37(a)(5) since the MPO was not substantially justified.

7.      On October 25, 2013, Plaintiff filed her Response to Debtor's/Defendant's Corrected Motion to Dismiss, arguing the Adversary Complaint adequately pleads a nondischargeability action under applicable bankruptcy and Florida defamation law. (Adv. Doc. No. 29).

8.      On November 5, 2013, the Court having heard argument of counsel and having considered the records, and otherwise being duly advised, denied both the Corrected Motion to Dismiss and the MPO. (Adv. Doc. No. 32). The Court further sanctioned Debtor/Defendant's counsel jointly and severally liable for violation of Rule 7026.

9.      On December 6, 2013, the Defendant filed her Answer and Affirmative Defenses. (Adv. Doc. No. 42).

10.     On January 14, 2014, J. Cheney Mason, Esq., filed his Limited Notice of Appearance, for the limited purpose of involvement in the Defendant's deposition. (Adv. Doc. No. 44).

11.     The deposition transcript reflects approximately twenty questions met with Unexplained Refusals[1]. No privilege or other ground was asserted to support the Unexplained Refusals; Defendant simply refused to answer. The questions involved were relevant and pertain to the key elements of defamation or the intentional and willful nature of the debt.

12.     The Transcript further reflects numerous questions met with Counsel Instructed Refusals. These instances typically included an averment of relevance or Fifth Amendment Privilege. As to relevance, both the rules of evidence and case law are clear that relevance is not a ground to instruct a client not to answer a question. As to the Fifth Amendment privilege, as will be explained below, the assertion of this privilege without an actual or threatened criminal action

---

[1] Plaintiff's counsel has conferred with Defendant's counsel in respect of the transcript. Defendant's counsel believes the transcript should be filed under seal; however, and the undersigned sees no reason for such secrecy. Pursuant to a prior agreement of Counsel, Plaintiff's counsel was to give Defendant's counsel two (2) business days' notice of its intent to file the transcript to allow Defendant to request that the transcript be filed under seal. Plaintiff's Counsel has provided this notice and, while Defendant's counsel has objected to the filing of the transcript; no action has been taken to require the transcript filed under seal. In an abundance of caution, Plaintiff will wait until seven (7) business days prior to a hearing on the Motion to Compel to file the transcript. If there is no order requiring a sealing of the transcript by such deadline, Plaintiff will file the transcript.

is also improper. Special Counsel did not indicate that any existing or threatened criminal action justified the asserted privilege. Again, the questions met with the Counsel Instructed Refusal were relevant and, absent a valid privilege, should be answered[2]. As to all questions not properly answered, Plaintiff seeks (i) a court order compelling an answer; and (ii) a finding of adverse interest if such refusal continues.

### III.  Argument and Authorities

A.    <u>The Court Should Compel the Defendant to Answer Relevant Non-Privileged Questions at her Deposition.</u>

On her own volition, and/or upon instructions from Special Counsel, the Defendant refused to answer a number of questions directly relevant to the Adversary Complaint. The Unexplained Refusals and the Counsel Instructed Refusals directly contradict Rule 7026 and the Plaintiff's right to obtain information reasonably calculated to lead to admissible information. The Plaintiff seeks germane information necessary to establish whether the Defendant acted willfully and maliciously, and refusal to answer the questions when no privilege attaches should adversely affect her defense to the Adversary Complaint.

The unfounded and unsupported objections continued throughout the deposition until its ultimate suspension. The Plaintiff's questions posed are within the scope of permissible discovery, and answers to these questions are germane in establishing a willful and malicious act. Refusal to answer, and the accompanying objections, are without substantial justification.

Generally, one may assert her right against self-incrimination when she has a good-faith belief that the answer to a specific question may tend to incriminate her in a criminal proceeding. The Fifth Amendment provides in relevant part that no person "shall be compelled in any criminal case to be a witness against himself...." The provision has been applied to civil proceedings as well where the party fears a response may lead to a criminal prosecution. <u>See</u> <u>U.S. v. Gecas</u>, 120 F.3d

---

[2] Plaintiff is not seeking answers to the objected questions on pages 100 through 102 of the deposition.

1419 (11th Cir. 1997). The criminal proceeding against the Defendant concluded with an acquittal, and the Defendant has failed to indicate what specific criminal proceeding she fears is likely or imminent. Therefore it is not reasonable for the Defendant to believe "the information sought, or discoverable as a result of [her] testimony, could be used in a subsequent state or federal criminal proceeding." In re Rothstein Rosenfeldt Adler, P.A., 2011 *2 WL 6067494 (Bankr. S.D. Fla. 2011), citing Kastigar v. U.S., 406 U.S. 441, 444-45 (1972).

When a party in a civil proceeding claims a Fifth Amendment right against self-incrimination, the Bankruptcy Court can appropriately draw an adverse presumption against him or her. In re South Florida Title, Inc., 102 B.R. 266 (Bankr. S.D. Fa. 1989); see also In re Santaella, 2002 WL 31940979 (Bankr. S.D. Fla. 2002) (declaring permissible to draw adverse inferences from Debtor's choice to invoke his privilege against self-incrimination, especially in light of repeated fraudulent conduct). Upon findings the information sought is discoverable under the Rules, and a valid privilege does not exist, the Court should presume an adverse inference if the Defendant again chooses to remain silent at her deposition.

B.     Counsel is not Authorized to Instruct Deponent not to Answer Questions which calls for Relevant, Non-Privileged Information.

Rule 30(c)(2) is specific in its prohibition of Special Counsel's instruction to the Defendant not to answer a posed question based on relevancy. "An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Absent a valid claim of privilege, counsel does not have the right to instruct a client not to answer deposition questions. Quantachrome Corp. v. Micromeritics Corp., 189 F.R.D. 697 (S.D. Fla. 1999).

If opposing counsel objects to a question posed at a deposition, the proper course of action is to state the objection on the record and then allow the deponent to answer the question or

affirmatively act to terminate or limit the examination to seek a protective order protecting the information. <u>See</u> <u>Gober v. City of Leesburg</u>, 197 F.R.D. 519, 521 (M.D. Fla. 2000). Furthermore, if Special Counsel believed the deposition was being conducted in bad faith, or that the deponent was being unreasonably annoyed, embarrassed or harassed, he should have suspended the deposition, stated his complaints on the record, and applied immediately for a court order under Rule 30(d)(3). <u>Quantachrome Corp. v. Micromeritics Corp.</u>, 189 F.R.D. 697 (S.D. Fla. 1999).

In <u>Shapiro v. Freeman</u>, 38 F.R.D. 308, 311-312 (S.D.N.Y. 1965), the District Judge confronting counsel's refusal to permit his client to answer depositions articulated the harm engendered by this tactic:

> It is not the prerogative of counsel, but of the court, to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders.
> . . .
> It is time that depositions be conducted by members of the bar in a cooperative manner, in accordance with both the letter and spirit of the rules, without petty bickering and without-intervention by busy courts with more important matters pressing for attention.

The questions posed to the Defendant not answered due to relevance implicate no claim of privilege. The relevancy of the inquiry is unquestioned. Compelling Special Counsel to adhere to the Rules, which require a witness to answer a question over objection, will cause no prejudice to the Defendant. Assuming Special Counsel's objection have any arguable merit, the Court at trial will sustain the objection thus preventing its admission in evidence. Therefore, no prejudice would have befallen the Defendant if the question had been answered.

In contrast, Plaintiff's counsel and the Court have been prejudiced by the Defendant's and Special Counsel's conduct. Unnecessary time and resources have been devoted to seeking an Order, which seeks merely to require the Defendant to conform her conduct to the clear letter of Rule 26(a). "The harm caused by being required to take additional depositions of a witness who fails to answer a question based on an improperly asserted objection far exceeds the mere inconvenience of a

witness having to answer a question which may not be admissible at trial." <u>W.R. Grace & Co. v. Pullman, Inc.,</u> 74 F.R.D. 80, 84 (W.D. Okl.1977).

Upon information and belief, the Defendant is not currently subject to further criminal incrimination or punishment. Therefore answering both the Unexplained Refusals and the Counsel Instructed Refusal questions posed with a reasonable follow-up would not subject the Defendant to self-incrimination. Defendant carries the burden of establishing lack of relevancy, undue burden, or a protective privilege. <u>See</u> <u>Gober v. City of Leesburg</u>, 197 F.R.D. at 521. Therefore the Defendant should be required to answer these deposition questions, or provide a detailed explanation as to why the privilege against self-incrimination is justified.

C.     <u>The Court Should Award Sanctions Against J. Cheney Mason for Violating Rules 37(a)(5)(A) and 30(d).</u>

Rule 37(a)(5)(A) states "If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Costs for bringing this motion include the court reporter fees for attending the deposition and preparing the transcript of the Defendant's deposition.

Moreover, Rule 30(d)(2) provides that "the court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Special Counsel's instructions to the Defendant not to answer relevant and material questions prevents the plaintiff from obtain germane information to determine whether the Defendant acted willfully and maliciously.

Special Counsel declared the deposition terminated, yet failed to comply with Rule 30(d)(4) requirements, which  warrant imposition of sanctions. "Even in the case of instruction not to answer

based on privilege, the party who instructs the witness not to answer should *immediately* seek a protective order." Buckley Towers Condominium, Inc. V. QBE Ins. Corp., *9 2008 WL 2645680 (S.D. Fla. 2008) (emphasis in original), citing American Hangar, Inc. V. Basic Line, Inc., 105 F.R.D. 173, 175 (D. Mass. 1985); see also Quantachrome Corp. v. Micromeritics Corp., 189 F.R.D. 697 (S.D. Fla. 1999). As in Buckley, Special Counsel instructed the witness not to answer and then waited for opposing counsel to bring the matter before the Court. The Buckley Court orders the deposition reset and awards sanctions for violating the Rules. This Court should also find Special Counsel has violated the Rules and award sanctions, including attorney's fees and costs, to compensate the Plaintiff for time wasted from Special Counsel's behavior.

Pursuant to Rule 7037(a)(1), counsel certifies it has in good faith conferred with Defendant's counsel to resolve the matter before obtaining court action. Those efforts were unsuccessful, and counsel must therefore seek court intervention.

**WHEREFORE**, Zenaida Gonzalez respectfully requests this Court enter an Order compelling Casey Marie Anthony respond to the deposition questions, award sanctions against J. Cheney Mason for reasonable attorney's fees and costs, and grant such other and further relief as the Court deems reasonable and necessary under the circumstances..

**RESPECTFULLY SUBMITTED** this 11th day of February 2014.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 984469
Mariane L. Dorris, Esq.
Florida Bar No. 0173665
John B. Dorris, Esq.
Florida Bar No. 0093744
Latham, Shuker, Eden & Beaudine LLP
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Tel: 407-481-5800; Fax: 407-481-5801
*Attorneys for Plaintiff*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
### www.flmb.uscourts.gov

In re:                                          Case No. 8:13-bk-00922-KRM

**CASEY MARIE ANTHONY,**                        Chapter 7

Debtor.
_____/

In re:

**Zenaida Gonzalez,**                           **Adv. Pro. No.: 8:13-ap-00626-KRM**

     **Plaintiff,**

v.

**Casey Marie Anthony,**

     **Defendant.**
_____/

### CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true copy of **ZENAIDA GONZALEZ'S MOTION TO COMPEL DEFENDANT'S/DEBTOR'S RESPONSES TO DEPOSITION QUESTIONS WITH INCORPORATED MEMORANDUM OF LAW** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to:  Casey Marie Anthony, c/o Charles M Greene, Esq., 55 E Pine Street, Orlando, FL 32801; David L. Schrader, Esq., 111 Second Avenue NE, Suite 911, St. Petersburg, FL 33701; J. Cheney Mason, Esq., 250 Park Avenue South, Suite 200, Winter Park, Florida 32789; Stephen L Meininger, Chapter 7 Trustee, 707 North Franklin Street, Suite 850, Tampa, FL 33602; and United States Trustee, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602 on this 11th day of February 2014.

                             /s/ R. Scott Shuker
                             R. Scott Shuker, Esq.